UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLARENCE ANTOINE DANIELS                CIVIL ACTION

VERSUS                                  NUMBER: 18-5292

JUSTIN RESTER, ET AL.                   SECTION: "S"(5)

## REPORT AND RECOMMENDATION

Presently before the Court are the Rule 12(b)(1) and 12(b)(6) motions to dismiss of Defendants, Sergeant Justin Rester and Lieutenant Jacob Waskom. (Rec. docs. 25, 26). Plaintiff has filed no memoranda in opposition to the motions, timely or otherwise.[1] Also before the Court is Plaintiff's motion to amend. (Rec. doc. 19). For the reasons that follow, it is ordered that Plaintiff's motion to amend is denied and it will be recommended that Defendants' motions be granted.

Clarence Antoine Daniels, Plaintiff herein, is an inmate of the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. He filed the above-captioned matter pursuant to 42 U.S.C. §1983 against Defendants, Sergeant Justin Rester ("Rester"), Lieutenant Jacob Waskom ("Waskom"), and CSM Bryan Nichols ("Nichols"), all of whom are correctional officers at RCC.[2] In his complaint, Plaintiff complained of an incident that allegedly occurred

---

[1] As Plaintiff has filed no memoranda in response to Defendants' motions, the Court may properly assume that he has no opposition to them. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

[2] Although Rester and Waskom have appeared herein and are the moving Defendants (rec. docs. 21, 25, 26), service on Nichols remains outstanding, owing in part to the fact that he was initially misidentified by Plaintiff. (Rec. docs. 12-16).

on March 7, 2017 in which Rester yanked his arm through a "tray hatch," causing swelling to the wrist area and multiple lacerations. Plaintiff also alleged that the investigation into the incident and the prison disciplinary proceedings that followed were premised on falsified documents and were thus flawed and ineffective. Plaintiff prayed for the removal of Rester and Waskom from their jobs, $50,000.00 in damages, and reimbursement of $30.00 in restitution. (Rec. doc. 1). Plaintiff subsequently amended his complaint to increase his monetary demand to $75,000.00. (Rec. doc. 7).

Approximately four months later, Plaintiff filed another motion to amend, seeking to bring in five additional Defendants who were involved in a set of separate incidents that allegedly occurred in October of 2018. (Rec. doc. 17). On October 22, 2018, the Court denied Plaintiff's motion to amend as raising unrelated claims against wholly new and different Defendants. (Rec. doc. 18). More recently, Plaintiff has once again moved to amend his complaint, alleging that in the wake of the March 7, 2017 incident that he originally sued upon, he was "written up" by Rester, was subsequently haled into prison disciplinary court, and was sentenced to 10 days in administrative segregation where he was deprived of a mattress for 15 hours per day and, at one point, was without a mattress for a continuous 24-hour period. (Rec. doc. 19).

Shortly after Plaintiff's most recent motion to amend was filed counsel enrolled on behalf of Rester and Waskom. (Rec. doc. 21). Those two Defendants were then ordered to file a response to Plaintiff's motion to amend. (Rec. doc. 22). Following an intervening, unsuccessful motion for entry of default by Plaintiff (rec. docs. 23, 24), Rester and Waskom filed the two motions to dismiss that are presently before the Court. (Rec. docs. 25, 26). In the first of those motions, one brought for a lack of subject matter jurisdiction under Rule

12(b)(1), the two moving Defendants seek the dismissal of Plaintiff's §1983 claims against them in their official capacity based upon Eleventh Amendment immunity. (Rec. doc. 25). The Defendants also argue that state officials acting in their official capacity are not considered to be "persons" within the meaning of §1983. (*Id.*). In the second motion, which was brought pursuant to Rule 12(b)(6), the Defendants renew the second of the two arguments that they urged in their Rule 12(b)(1) motion, *i.e.*, that state officials acting in their official capacity are not considered to be "persons" under §1983. (Rec. doc. 26). The Defendants then go on to oppose Plaintiff's recent motion to amend, arguing that he has pleaded insufficient facts to show that they violated federal law and that the temporary deprivation of a mattress presents no constitutional violation. (*Id.*). The Defendants specifically invoke the qualified immunity to which they are entitled and further argue that the use of force against Plaintiff was reasonable and did not amount to cruel and unusual punishment and that inmates have no right to have their grievances investigated and resolved to their satisfaction. (*Id.*). As noted above, Plaintiff has filed no memoranda in response to either of Defendants' motions.

Addressing the primary argument raised in the first of Defendants' motions, it is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacity.[3] *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule

---

[3] Defendants are also correct that neither states, their departments, nor their officials acting in their official capacity are considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 2006). In light of these authorities, it will be recommended that Defendants' Rule 12(b)(1) motion be granted and that Plaintiff's claims against <u>all</u> of the Defendants in their official capacity be dismissed without prejudice for want of jurisdiction.4/

The Court now turns to arguments raised in Defendants' Rule 12(b)(6) motion which are offered in opposition to Plaintiff's recent motion to amend. In his motion to amend, the Court recalls, Plaintiff complained that following the alleged use of excessive force against him on March 7, 2017, Rester "… wrote [him] up …" for an unidentified prison rule violation, that he appeared before the RCC Disciplinary Court several days thereafter, and that he was sentenced to 10 days in administrative segregation, where he was deprived of a mattress for 15 hours per day and, at one point, was without a mattress for a continuous 24-hour period. Notably, Plaintiff <u>does</u> <u>not</u> allege that he was given insufficient notice of the disciplinary proceeding against him, that he was not allowed to present evidence in his defense, or that he was denied a statement of the evidence that was relied upon and the reason for the disciplinary action. More importantly, Plaintiff does not allege that he lost any "good time" credits as a result of the disciplinary adjudication in question, only comforts such as the availability of a mattress during daylight hours as is customary for inmates subject to administrative segregation at RCC. See Smith *v. Tanner*, No. 18-CV-3719, 2018 WL 6204617 at 13-15 (E.D. La. Nov. 5, 2018), *adopted*, 2018 WL 6199974 (E.D. La. Nov. 27, 2018). Sanctions of this nature, "which are 'merely changes in the conditions of [an inmate's]

---

4/ Although Defendant Nichols has not yet made an appearance in this matter, because Plaintiff is proceeding *in forma pauperis* (rec. doc. 3) the Court is empowered to raise obvious defenses that would be equally applicable to Nichols. *See*, e.g., *Green v. McKaskle*, 788 F.2d 1116, 1119-20 (5th Cir. 1986).

confinement,' do not implicate due process concerns" as they do not impose an atypical or significant hardship beyond the ordinary incidents of prison life. *Richard v. Quarterman*, No. 07-CV-2893, 2007 WL 2688442 at *2 (S.D. Tex. Sept. 10, 2007)(quoting *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)); *see also Hebrard v. Cain*, No. 16-CV-10913, 2016 WL 4145793 at *3 (E.D. La. July 5, 2016), *adopted*, 2016 WL 4131389 (E.D. La. Aug. 8, 2016). The lack of a mattress during daylight hours or even for a continuous 24-hour period does not rise to the level of a constitutional violation. *Smith*, 2018 WL 6204617 at *13-15 (and cases cited therein). As the claims raised in Plaintiff's proposed amended complaint are futile, his motion for leave to amend will be denied. *Id.* at *15-16.

Finally, with the recommended dismissal of Plaintiff's §1983 claims against the Defendants in their official capacity, that will leave before the Court only Plaintiff's claims against the Defendants in their individual capacity. In light of the Defendants' invocation of qualified immunity, a separate order will be issued directing Plaintiff to file a Rule 7(a) *Schultea*[5]/ reply which fairly engages the qualified immunity defense. *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996).

## **RECOMMENDATION**

For the foregoing reasons, it is ordered that Plaintiff's motion to amend (rec. doc. 19) is denied.

It is also recommended that Defendants' motions to dismiss be granted and that Plaintiff's claims against the Defendants in their official capacity be dismissed without prejudice for want of jurisdiction.

---

[5]/ *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(*en banc*).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[6]

New Orleans, Louisiana, this 28th day of January, 2019.

                              MICHAEL B. NORTH
                            UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.